# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

North Huntingdon Township　　　:
Municipal Authority　　　　　　:
　　　　　　　　　　　　　　　:　No.　1749 C.D. 2024
　　　　　　v.　　　　　　　　:
　　　　　　　　　　　　　　　:　Submitted:　June 16, 2026
Mykola M. Prut,　　　　　　　:
　　　　　　Appellant　　　　　:

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**PER CURIAM**　　　　　　　　　　　　　　**FILED:　July 17, 2026**

　　　　　Mykola M. Prut (Prut) appeals *pro se* from the order of the Court of Common Pleas of Westmoreland County (trial court), which granted a permanent injunction in favor of North Huntingdon Township Municipal Authority (Authority). The injunction compels Prut to permit the Authority to inspect the sewage lines on his property.　On appeal, Prut challenges the sufficiency of the evidence.　We affirm.

## I. BACKGROUND[1]

　　　　　In 2019, Prut entered a mortgage installment loan on his property.　The loan triggered an obligation to inspect the sewage line under the Authority's sewer regulations.　*See* N. Huntingdon Twp. Mun. Auth. Sewer Use Rules & Regulations (Sewer Regulations), 7/1/14.　The Authority repeatedly notified Prut to schedule the inspection, but Prut did not respond or comply.　So, the Authority sued Prut, seeking an injunction to compel compliance with the Sewer Regulations.　The Authority requested, *inter alia*, that it "be granted access to [Prut's] property . . . to undertake

---

[1] We state the facts in the light most favorable to the Authority, which prevailed below. *See The Bert Co. v. Turk*, 298 A.3d 44, 49 n.5 (Pa. 2023).　We cannot consider the non-record documents attached to Appellant's brief. *See Twp. of Bristol v. 1 Enters., LLC*, 177 A.3d 1045, 1049 n.3 (Pa. Cmwlth. 2018) (noting our review is limited to the documents in the trial court's record).

the required sanitary sewer lateral testing" at Prut's expense. Order, 9/27/24; *accord* Compl., 10/24/22, at 5(A)-(B).[2]

At the bench trial, the Authority's general manager testified about the inspection requirement. *See generally* Tr., 8/20/24. The general manager explained that the Department of Environmental Protection requires the township "to get inflow and infiltration out of the sanitary sewer lines." *Id.* at 9. Inflow and infiltration includes "anything that comes in from extraneous water, ground water, roots, gravel, any types of intrusions." *Id.* Securing the lines from inflow and infiltration protects against intrusions overwhelming sewage treatment facilities and infrastructure. *Id.* at 9-10. A sewer inspection would reveal "separated joints," cracks, missing pipes, and roots intruding into the sewer lines. *Id.* at 10. The Authority also introduced documentary evidence of the mortgage installment loan on Prut's property. *Id.* at 18.

Prut cross-examined the general manager but declined to testify, call witnesses, or introduce evidence. *Id.* at 36 ("I have no reason to give any testimony today."). The record contains no evidence about whether the mortgage installment

---

[2] The Authority's requested relief follows in full:

A. Compel [Prut] to make application and payment for the required sanitary sewer line inspection;
B. Compel [Prut] to make his property available to agents, employees or other representatives of [Authority] to conduct the required inspections;
C. Direct [Prut] to undertake [any] repairs necessary as may be disclosed by the lateral inspection;
D. Direct [Prut] to pay [the Authority's] reasonable attorney's fees and costs incurred in bringing this action;
E. In the alternative, grant [the Authority] the authority to physically remove or close the sewer connection until [Prut] complies; and,
F. Grant such other equitable relief as this Court may deem appropriate.

Compl. at 5(A)-(F).

loan was a home equity loan or a refinanced mortgage.[3]

The trial court issued an injunction ordering, *inter alia*, that Prut pay for the testing and the Authority be granted access to his property to conduct the testing. The court also ordered Prut to pay the Authority's counsel fees and costs.

Prut timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement raising 26 issues. The trial court filed a Rule 1925(a) opinion reasoning that, because Prut did not file a post-trial motion, this Court should dismiss the appeal. Trial Ct. Op., 12/11/24, at 3 (unpaginated). On the merits, the court concluded that the Authority met its burden of proving Prut's violation of the Sewer Regulations. *Id.*

## II. ISSUE[4]

Prut challenges the sufficiency of evidence. Prut's Br. at 20.

## III. DISCUSSION[5]

In support, Prut argues the Authority failed to prove he refinanced his home. *Id.* (contending that "the refinancing record does not exist" and that "none of those 3 refinancings exist"). Absent such proof, Prut reasons, no sewer inspection

---

[3] At trial, Prut, a Russian speaker, was *pro se*, and a certified interpreter translated for Prut. Tr. at 4. At the hearing, the court suggested the parties settle, but Prut refused. *Id.* at 31. It was at the hearing that Prut could have presented the non-record documents attached to his brief. Prut construes those documents as proving that the mortgage installment loan was a home equity loan, which Prut believes would not have triggered a sewer inspection.

[4] Although Prut raised 26 issues in his Rule 1925(b) statement, he presented 8 issues in his appellate brief. Because Prut only argued one of those eight issues, he waived the remaining issues. *See* Pa.R.A.P. 2119(a); *Harvilla v. Delcamp*, 555 A.2d 763, 764 n.1 (Pa. 1989) (holding the appellant waived an issue that he failed to argue in his brief).

[5] We review the trial court's "grant or denial of a final or permanent injunction" for an error of law. *Buffalo Twp. v. Jones*, 813 A.2d 659, 663-64 & n.4 (Pa. 2002); *Grant Schmidt, Shot Tec, LLC v. Paris*, 344 A.3d 78, 97 (Pa. Cmwlth. 2025) (*en banc*). An error of law includes misinterpreting a local regulation. *See S&H Transp., Inc. v. City of York*, 210 A.3d 1028, 1038 (Pa. 2019) (*York*). Finally, while "this Court liberally construes *pro se* pleadings, this Court cannot act as an appellant's counsel and develop his arguments for him." *Martinez v. City of Reading Police Dep't*, 289 A.3d 1136, 1139 (Pa. Cmwlth. 2023) (citation modified).

was required. *Id.* at 22-23 (citing Pa.R.Civ.P. 1019 and 1028, and the Unfair Trade Practices and Consumer Protection Law (UTPCPL)).[6]

The Authority counters that we should dismiss Prut's appeal because he failed to file a post-trial motion. Auth.'s Br. at 4-5. On the merits, the Authority cites the general manager's testimony as establishing Prut's ownership and refinancing of the property. *Id.* at 6. The Authority emphasizes that Prut declined to testify or call witnesses. *Id.* at 6-7. In the Authority's view, Prut now raises arguments never presented to the trial court. *Id.* at 6.

A trial court may issue a final, permanent "injunction if such relief is necessary to prevent a legal wrong for which there is no adequate redress at law." *Buffalo Twp. v. Jones*, 813 A.2d 659, 663 (Pa. 2002) (citation modified). An order granting an injunction is an interlocutory order appealable as of right. Pa.R.A.P. 311(a)(4) (providing that an appeal may be taken as of right from an "order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction unless" one of two conditions are satisfied). Because such an order is appealable as of right, no post-trial motion is required. *See Wolk v. Sch. Dist. of Lower Merion*, 197 A.3d 730, 742 (Pa. 2018) (reversing this Court's quashal of an appeal from an order granting a permanent injunction and rejecting our reasoning that a post-trial motion was required).

To justify a permanent injunction, the moving party "must establish that his right to relief is clear, that an injunction is necessary to avoid an injury that cannot be compensated by damages, and that greater injury will result from refusing rather than granting the relief requested." *Kuznik v. Westmoreland Cnty. Bd. of Comm'rs*,

---

[6] Act of December 17, 1968, P.L. 1224, *as amended* 73 P.S. §§ 201-1 to 201-10. Rules of Civil Procedure 1019 and 1028 address the contents of pleadings and preliminary objections, respectively.

902 A.2d 476, 489 (Pa. 2006) (citation modified). A court may grant injunctive relief compelling a defendant to affirmatively comply with a local regulation. *See id.*

One such local regulation is Section 4.23 of the Sewer Regulations: "It shall be unlawful and a violation of these Rules and Regulations for any person to effect a Sale of Premises (as defined under Section 2.30) with respect to any Premises presently receiving sewer services or otherwise served by the Sewer System of the Authority without first obtaining a No-Lien Letter and a Document of Certification or a Temporary Document of Certification . . . ." Sewer Regulations, § 4.23. Section 2.30, in turn, defines "Sale of Premises" as meaning "a sale, acquisition, transfer, conveyance, assignment, mortgage, pledge, finance or refinance of any interest in a Premises except a distribution of real estate to a family member," and similar conveyances. *Id.* § 2.30.

Turning to the case at bar, we first reject the Authority's threshold argument that we should dismiss Prut's appeal for failure to file a post-trial motion. An order granting a permanent injunction is appealable as of right and does not require a post-trial motion. *See* Pa.R.A.P. 311(a)(4). If we dismissed Prut's appeal for failure to file a post-trial motion, then we would be repeating our error in *Wolk*. *See Wolk*, 197 A.3d at 742.

On the merits, the Authority presented testimony and evidence that Prut entered a mortgage installment loan on his property, which falls within Section 2.30. *See York*, 210 A.3d at 1038; Sewer Regulations, § 2.30. A mortgage installment loan triggers a sewer inspection. Sewer Regulations, § 4.23. The Authority further established the necessity for an inspection: the Department of Environmental Protection requires the Authority to prevent inflow and infiltration from compromising its sewer lines. *See* Tr. at 9-10; *Kuznik*, 902 A.2d at 489.

5

Prut did not testify, presented no witnesses, and introduced no documents. *See generally* Tr. Prut cannot now point to anything of record disputing the existence of the mortgage installment loan. His citation to Rules 1019 and 1028 and the UTPCPL do not establish reversible error. While we liberally construe *pro se* materials, this Court cannot act as Prut's appellate counsel and develop his arguments. *See Martinez v. City of Reading Police Dep't*, 289 A.3d 1136, 1139 (Pa. Cmwlth. 2023). For these reasons, Prut's sufficiency challenge fails. The Authority's evidence established Prut's violation of Section 4.23 of the Sewer Regulations and supported a permanent injunction. *See Kuznik*, 902 A.2d at 489.

## IV. CONCLUSION

Accordingly, we affirm.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

North Huntingdon Township     :
Municipal Authority     :
    :   No.  1749 C.D. 2024
          v.     :
    :
Mykola M. Prut,     :
          Appellant     :

**PER CURIAM**

## O R D E R

AND NOW, this 17th day of July, 2026, we AFFIRM the order entered by the Court of Common Pleas of Westmoreland County in favor of North Huntingdon Township Municipal Authority and adverse to Mykola M. Prut.